UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| XUEFENG HUANG,<br><br>        Plaintiff,<br><br>    v.<br><br>BAOLIN GE,<br><br>        Defendant. | Case No. 19-CV-02132-LHK<br><br>**ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT UNDER RULE 55(c) & RULE 60(b)** |

Defendant Baolin Ge ("Defendant") moves under Federal Rule of Civil Procedure 55(c) and 60(b) to set aside the Court's entry of default judgement against Defendant. ECF No. 95 ("Mot.").[1] The Court held a hearing on this motion on November 5, 2020. ECF No. 115. Having considered the parties' submissions, oral argument, the relevant law, and the record in this case, the Court DENIES Defendant's motion.

**I.    BACKGROUND**

---

[1] Defendant's docket entry for ECF No. 95 is titled "Motion under Rule 55(c) and Rule 60(b) seeking Vacation of Judgment and Vacation of Order Dismissing Counterclaim." However, Defendant's motion does not challenge the Court's order dismissing Defendant's counterclaim, and no argument is presented in favor of vacating that order. The Court therefore addresses solely the entry of default judgment.

1
Case No. 19-CV-02132-LHK
ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT UNDER RULE 55(c) & RULE 60(b)

### A. Factual Background

Plaintiff Xuefeng Huang ("Plaintiff"), a Chinese national, brought this suit against Defendant, a United States citizen and resident of California. Plaintiff alleges that she invested $300,000 with Defendant to develop a traditional Chinese medicine facility in Sunnyvale, California. Complaint at 4, ECF No. 1 ("Compl."). In exchange for this investment, Defendant allegedly promised Plaintiff a position at the facility and a L-1 visa. *Id.* Plaintiff traveled to the United States in March of 2018 to meet with Defendant regarding the agreement. Plaintiff alleges that she signed an agreement with Defendant in Chinese finalizing the investment on March 27, 2019. *Id.* Plaintiff wired Defendant $300,000. Plaintiff alleges that Defendant promised that the mortgage on Defendant's house would serve as a guarantee on the investment. Plaintiff also allegedly signed an agreement with Defendant's attorney regarding the application for a L-1 visa, and paid Defendant's attorney $6,000 to handle the visa. *Id.* In June of 2018, Plaintiff traveled back to China.

In August of 2018, Defendant's attorney called Plaintiff and informed her that her application for the L-1 visa was denied. *Id.* Defendant's attorney allegedly offered to return the $300,000 investment, as long as Plaintiff first released the mortgage guarantee. *Id.* Plaintiff informed Defendant's attorney that Plaintiff wanted to do both simultaneously, and Plaintiff traveled to California in November of 2018 to have the investment returned. However, Defendant allegedly cancelled the meeting that Plaintiff had scheduled, and subsequently Defendant informed Plaintiff that Defendant could only return $200,000 initially, and would return the rest of the money when it became available. *Id.* at 5.

However, Plaintiff alleges that Defendant never returned any of the investment. *Id.* Plaintiff sent Defendant a letter drafted by an attorney in January of 2019 demanding that the money be returned, but Defendant allegedly responded by saying that he did not understand English well. Defendant also allegedly sent documents showing that the money had been spent. *Id.*

### II. LEGAL STANDARD

The Court may set aside an entry of default for "good cause" and a final default judgment under Rule 60(b). Fed. R. Civ. P. 55(c). To determine whether good cause exists to set aside an entry of default, the Court considers three factors: (1) whether defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; or (3) whether setting aside the entry of default would prejudice the plaintiff. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) ("*Mesle*"). These three factors are often referred to as the "*Falk* factors." *See Brandt v. American Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011) (explaining that these three factors are drawn from *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). The party moving to set aside a default "bears the burden of demonstrating that these factors favor vacating the judgment." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). "This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Mesle*, 615 F.3d at 1091. However, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk*, 739 F.2d at 463.

Under Rule 60(b)(1), the Court may set aside a final judgment based upon a showing of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). However, in the context of a default judgment, "where a defendant seeks relief under Rule 60(b)(1) based upon 'excusable neglect,' the court applies the same three factors governing the inquiry into 'good cause' under Rule 55(c)." *Brandt*, 653 F.3d at 1111; *see also Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) ("The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b).").

### III. DISCUSSION

### A. Timeline of Defendant's Conduct

Because Defendant's conduct is central to the Court's analysis, the Court begins by providing a timeline of Defendant's violations in this case.

#### 1. Defendant's Violations While Pro Se

On April 19, 2019, Plaintiff filed a complaint in the instant case, alleging fraud, promissory fraud, concealment, and unjust enrichment. Compl. at 5. On May 23, 2019, Defendant filed an answer and counterclaim against Plaintiff, alleging breach of the parties' lease agreement. Answer at 4, ECF No. 8. On June 17, 2019, Plaintiff filed an answer to Defendant's counterclaim. ECF No. 9. Initially, both parties were pro se, and each appeared with the assistance of their own Mandarin interpreter at the Court's case management conferences. *See, e.g.*, ECF No. 24. Almost immediately, Defendant began to ignore Court orders.

On November 12, 2019, Defendant failed to file a settlement conference statement ahead of the parties' November 19, 2019 settlement conference before United States Magistrate Judge Nathaniel Cousins. ECF No. 26.

On January 23, 2020, the Court continued the January 29, 2020 further case management conference because both parties failed to file a case management statement. ECF No. 28. The Court warned the parties that further failure to comply with court deadlines would result in dismissal of the parties' claims and counterclaims without prejudice. *Id.*

Only a few weeks later, Defendant missed the February 12, 2020 deadline to file a case management statement. The Court ordered Defendant to file a case management statement and again warned that continued failure to comply with Court orders could result in Defendant's counterclaims being dismissed. ECF No. 32.

At the February 19, 2020 further case management conference the Court ordered Defendant to respond by February 26, 2020 to Plaintiff's requests for admissions, interrogatories, and requests for production of documents. ECF No. 34. Plaintiff had already served these requests on Defendant at least three times in October 2019. Defendant failed to respond by February 26, 2020. *Id.*

Finally, on March 4, 2020, Defendant missed the deadline to file a case management statement ahead of the parties' March 11, 2020 further case management conference. ECF No. 38.

### 2. Order to Show Cause

As a result of Defendant's five violations of the Court's orders, outlined above, the Court issued an Order to Show Cause on March 5, 2020, which ordered Defendant to show caused why Defendant's counterclaims should not be dismissed for failure to comply with Court orders and failure to prosecute. *Id.* at 2. The Court noted that Defendant had now failed to file a joint case management statement on three occasions, even after Plaintiff had repeatedly reached out to Defendant in an attempt to comply with the Court's orders. The Court also noted that Defendant continued to ignore Plaintiff's discovery requests, despite the Court's orders to respond. *Id.* at 1–2.

At the March 11, 2020 case management conference the Court vacated the order to show cause. ECF No. 44. The Court explained to Defendant that Defendant's counterclaims would be dismissed if Defendant failed to comply with future deadlines or Court orders. *Id.* at 2. The Court also ordered Defendant to comply with Plaintiff's pending discovery requests. *Id.*

### 3. Defendant's Initial Violations After Obtaining Counsel

Defendant retained counsel in this case no later than March 9, 2020, when Defendant's counsel, John Kitta, filed a notice of appearance. ECF No. 41. That same day, Kitta filed a belated case management statement on behalf of Defendant. ECF No. 42. Despite obtaining counsel, Defendant continued to fail to comply with Court orders.

On April 8, 2020, Defendant failed to file a joint discovery letter brief by the deadline set by Judge Cousins. ECF No. 62. Defendant then failed to file a response to Plaintiff's discovery letter brief by April 14, 2020, as ordered by Judge Cousins. ECF No. 67. As a result, Judge Cousins granted Plaintiff's motion to compel discovery because it was unopposed. ECF No. 69.

On April 20, 2020, the Court appointed pro bono counsel for Plaintiff, for the limited purpose of representing Plaintiff in connection with the parties' settlement conference before

Judge Cousins. ECF No. 70.

On May 11, 2020, Plaintiff filed yet another discovery dispute statement, in which Plaintiff explained that Defendant's counsel had continued to ignore Plaintiff's discovery requests. ECF No. 72. Plaintiff requested that the Court sanction Defendant for this conduct. *Id.* at 1.

On May 20, 2020, Defendant failed to file a joint case management statement ahead of the parties' upcoming May 27, 2020 further case management conference. ECF No. 79.

### 4. Dismissal of Defendant's Counterclaims

As a result of Defendant's four further violations of the Court's orders, the Court dismissed Defendant's counterclaims on May 22, 2020. ECF No. 79. The Court explained that Defendant's repeated failure to comply with Court orders unfairly inhibited Plaintiff's ability to prosecute Plaintiff's case and obstructed the Court's ability to make meaningful progress towards resolving the parties' dispute. *Id.* at 4.

### 5. Defendant's Further Violations While Represented by Counsel

A hearing on Plaintiff's discovery dispute with Defendant was scheduled before Judge Cousins for May 27, 2020. ECF No. 73. In anticipation of that hearing, Judge Cousins ordered Defendant to file a response by May 20, 2020. *Id.* Defendant failed to file a response to Plaintiff's discovery brief and request for sanctions, but Defendant did file two requests for discovery of his own. ECF Nos. 74, 75. Defendant then failed to appear at the May 27, 2020 hearing before Judge Cousins. *See* ECF No. 81.

### 6. Judge Cousins' Report and Recommendation to Enter Default Judgment

In light of Defendant's two further violations, outlined above, on June 3, 2020 Judge Cousins filed a Report and Recommendation to Enter Default Judgment against Defendant for failure to comply with Court orders and deadlines. ECF No. 82. The report also recommended that the Court grant Plaintiff's request for sanctions against Defendant. *Id.* at 3. On June 12, 2020, Defendant filed objections to the Report and Recommendation. ECF No. 83.

### 7. Defendant's Further Violations While Represented by Counsel and Second Order to Show Cause

The parties scheduled a settlement conference before Judge Cousins, to be held on June 23, 2020. In anticipation of the settlement conference, the parties were required to file a settlement brief by June 16, 2020. ECF No. 85 at 1. However, Defendant failed to file a settlement brief. *Id.* Judge Cousins noted that his courtroom deputy had sent a reminder email to defense counsel regarding the settlement brief, but that email was not answered. *Id.* As a result, Judge Cousins cancelled the scheduled settlement conference and ordered Defendant and Defendant's counsel to show cause why they should not be sanctioned for failure to comply with Court orders. *Id*; *see also* ECF No. 88.

**8. Default Judgment Order, Sanctions Order, and Subsequent Filings**

On June 22, 2020, the Court entered an order adopting Judge Cousins' Report and Recommendation to Enter Default Judgment against Defendant. ECF No. 86. The same day, the Court entered judgment in favor of Plaintiff. ECF No. 87.

A hearing on Judge Cousins' order to show cause was held on July 1, 2020. ECF No. 92. On July 2, 2020, Defendant filed the instant motion under Rule 55(c) and Rule 60(b) to vacate the entry of default judgment. ECF No. 95. The Court extended Plaintiff's pro bono counsel for the purpose of representing Plaintiff in opposition to Defendant's motion to vacate the entry of default judgment. ECF No. 99.

On July 6, 2020, Judge Cousins filed an Order Re: Sanctions; Referring Defendant's Counsel to Committee on Professional Conduct. ECF No. 97. In that order, Judge Cousins found that Defendant's counsel were primarily responsible for Defendant's recent failure to comply with the Court's orders and that counsel had engaged in unprofessional conduct. *Id.* at 3. Judge Cousins therefore ordered Defendant's counsel to pay Plaintiff's pro bono counsel $1,248 for the cost of the cancellation fee for the interpreter scheduled to assist with the June 23, 2020 settlement conference, and to pay the Clerk of the Court $500. *Id.* at 1. Judge Cousins also referred Defendant's counsel—John Kitta, Christopher Lunsford, and Vu Ngan John Hoang—to the district's Standing Committee on Professional Conduct. *Id.*

On August 20, 2020, Plaintiff filed an opposition to Defendant's motion to vacate default judgment. Defendant's reply was due September 10, 2020, which was 21 days after Plaintiff's opposition was filed. However, Defendant missed this deadline. On September 24, 2020, two weeks later, Defendant filed an untimely reply.[2] ECF No. 110. On September 29, 2020, Plaintiff filed an objection to the untimely reply. ECF No. 111. On November 5, 2020, the Court held a hearing on Defendant's motion to vacate default judgment. ECF No. 115.

Having outlined Defendant's violations in this case, the Court now addresses whether Defendant has met the legal standard to set aside a default judgment under Rule 55(b) and 60(b).

**B. Defendant Has Not Shown "Good Cause" to Set Aside the Default Judgment**

In order to show "good cause" to set aside a default judgment, Defendant must demonstrate that he meets all three *Falk* factors. These factors are: (1) whether the defendant's culpable conduct led to the default judgment; (2) whether the defendant has a meritorious defense; or (3) whether setting aside the default judgment would prejudice the plaintiff. *Mesle*, 615 F.3d at 1091. Failure to meet any one of these three factors is sufficient to deny the motion to set aside the default judgment. *See TCI Group*, 244 F.3d at 696.

**1. Culpable Conduct**

The Court first considers whether Defendant's culpable conduct led to the default judgment. As a general matter, "a defendant's conduct is culpable if [the party] has received actual or constructive notice" of a filing, discovery request, or other court order and "intentionally fail[s]" to respond. *Mesle*, 615 F.3d at 1092 (quoting *TCI Group*, 244 F.3d at 697). Culpability has been defined differently in the Ninth Circuit depending on whether the party is "legally sophisticated." *Id.* at 1093; *see also Williams v. Los Angeles Sheriff's Dept.*, 2020 WL 5948286, at *8 (C.D. Cal. June 29, 2020) (noting the different standard where defendant is "legal sophisticated"). Where a party is not legally sophisticated, the Ninth Circuit has "held that a

---

[2] Although the Court acknowledges that Defendant's reply was untimely, the Court considers it for the purpose of this order because it does not affect the outcome of the motion.

8
Case No. 19-CV-02132-LHK
ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT UNDER RULE 55(c) & RULE 60(b)

defendant's conduct was culpable . . . where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *TCI Group*, 244 F.3d at 698 (giving examples of parties who are not legally sophisticated, including defendant who "had difficulty obtaining assistance from the local legal services office"). By contrast, where a legally sophisticated party is concerned, "conduct may be considered culpable if the defendant has received actual or constructive notice" and failed to answer. *Mesle*, 615 F.3d at 1093. This is because "[w]hen considering a legally sophisticated party's culpability in a default, an understanding of the consequences of its actions may be assumed, and with it, intentionality." *Id.* For the purpose of the current motion, the Court considers Defendant's conduct while pro se under the "not legally sophisticated" standard, and Defendant's conduct while represented by counsel under the "legally sophisticated" standard.

### a. Defendant's Conduct While Pro Se

Prior to obtaining counsel, Defendant ignored Court orders or missed court deadlines on at least five different occasions. *See* ECF No. 79 at 2 (outlining Defendant's conduct). Defendant argues that although Defendant's conduct while pro se was determined to be improper by the Court, it was not culpable, devious, deliberate, willful, or in bad faith. Mot. at 9. Defendant further argues that Defendant's conduct was instead a result of the fact that "[h]is English language skills are minimal," and "his lack of familiarity with and inability to comprehend the court's notices." *Id.* Finally, Defendant argues that he "has shown his diligence by seeking counsel to assist him with this matter." *Id.* The Court notes that it has already found these same excuses for Defendant's conduct "entirely baseless" in a previous order. ECF No. 86 at 6. However, the Court need not decide if Defendant's conduct prior to obtaining counsel was culpable under the Ninth Circuit's standard because Defendant's conduct after obtaining counsel clearly meets the standard for culpability.

### b. Defendant's Conduct After Obtaining Counsel

Defendant was represented by counsel in this case beginning no later than March 9, 2020,

when counsel John Kitta entered a notice of appearance on Defendant's behalf. ECF No. 41; *see also* Mot. at 5. Despite being represented by counsel, Defendant ignored Court orders or missed Court deadlines on at least seven subsequent occasions. *See* ECF No. 86 at 2–3. The Court notes that it had already ordered Defendant to show cause why Defendant's counterclaims should not be dismissed for failure to comply with Court orders, and repeatedly warned Defendant that any future failure to comply with Court orders would result in further consequences. *See* ECF No. 79.

In the context of culpability under the good cause standard, defense counsel's conduct is attributable to Defendant because, "[a]s a general rule, parties are bound by the actions of their lawyers." *Casey v. Albertson's, Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993) (explaining that "petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.").

Defendant argues that although defense counsel's conduct is attributable to Defendant, Defendant has not demonstrated culpable conduct, but rather "excusable neglect." Mot. at 10. Under Federal Rule of Civil Procedure 60(b)(1), a party may seek relief from a final judgment upon a showing of "mistake, inadvertence, surprise, or excusable neglect." To determine whether a party's failure to follow court orders constitutes "excusable neglect," courts apply a four-factor test, which considers: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010). However, "[w]here a defendant seeks relief under Rule 60(b)(1) based upon 'excusable neglect,' the court applies the same three factors governing the inquiry into 'good cause' under Rule 55(c)." *Brandt*, 653 F.3d at 1111. Here, Defendant has failed to establish both excusable neglect and that Defendant's culpable conduct did not lead to the default judgment.

Defendant offers three arguments for why Defendant's conduct after obtaining counsel is excusable under either standard. First, Defendant argues that Defendant's failure to follow the

Court's orders and deadlines was a result of turmoil and upheaval at defense counsel's law practice. Second, Defendant argues that Defendant's failure to follow the Court's orders and deadlines was a result of confusion or mistake on the part of defense counsel. Third, Defendant argues that caselaw demonstrates that failure to meet court deadlines is excusable in this context. *See* Mot. at 10–11. Each of these arguments lack merit.

First, Defendant seeks to excuse Defendant's culpable conduct by arguing that it resulted from upheaval and disruption at defense counsel's law practice. Defendant alleges that "defense counsel's office was short-manned primarily based on circumstances beyond our control," and that "[t]he coronavirus . . . directly caused a disruption in staffing that could not be remedied and as a result we failed to respond to the discovery brief and failed to submit the joint settlement conference statement prior to the May 20, 2020 deadline." Mot. at 5. Defendant further argues that "the global COVID-19 pandemic crisis, exacerbated by the subsequent civil unrest following the George Floyd protests caused significant disruption of Defendant's counsel's office." *Id.* at 7. At the hearing on the instant motion, defense counsel explained that "[i]t's not so much that it's just the pandemic or just George Floyd. There is unrest. There is revolution in the air." 11/5/20 Hearing Transcript, at 28:25–29:2, ECF No. 117 ("Transcript").

Defendant's arguments lack merit for three reasons. First, the United States Supreme Court has made clear that "[i]n assessing the culpability of respondents' counsel, we give little weight to the fact that counsel was experiencing upheaval in his law practice." *Pioneer*, 507 U.S. at 398. Second, at no point during this period of alleged upheaval did defense counsel communicate with the Court about these issues or offer any path forward to participate in the case in a timely manner. Rather than communicate with the Court, Defendant disregarded the Court's orders, missed deadlines, missed scheduled hearings, and ignored discovery requests. Lastly, although defense counsel argued at the hearing on this motion that much of the blame for missed deadlines is attributable to the departure of two attorneys from defense counsel's law practice, this explanation is unconvincing. *See, e.g.,* Transcript at 28:12–28-17. Defense counsel

acknowledged at the hearing that the two departed attorneys left the firm by May 15, 2020. *Id.* at 35:22–35:25, 36:16–36:18. However, by May 15, 2020, Defendant, now represented by counsel, had already missed or ignored three Court orders. *See* ECF Nos. 62, 67, 72. These failures to comply therefore predate the alleged departure of the two attorneys. As such, their alleged departure does not excuse Defendant's repeated failure to comply with Court orders while represented by counsel. The Court therefore finds that Defendant's culpable conduct is not excused by alleged upheaval at defense counsel's law practice.

Second, Defendant argues that Defendant's failure to follow the Court's orders and deadlines was a result of "mistakes and neglect" on the part of defense counsel, and therefore that Defendant's conduct was not culpable. Mot. at 11. Specifically, Defendant argues that because of a mistake on the part of defense counsel, Defendant failed to appear at the May 27, 2020 discovery hearing before Judge Cousins and failed to file a settlement conference statement in anticipation of the June 23, 2020 settlement conference with Judge Cousins. The Court finds these arguments both unconvincing and insufficient.

Defendant first argues that he failed to appear at the May 27, 2020 discovery hearing before Judge Cousins because defense counsel believed that the hearing had been vacated by Judge Koh's order continuing the May 27, 2020 case management conference. Mot. at 6. Judge Koh's order clearly stated: "[t]he Court hereby CONTINUES the May 27, 2020 further case management conference to July 8, 2020, at 2 p.m." ECF No. 79. The order does not mention Judge Cousins or the scheduled discovery hearing. In fact, the very next numbered docket entry was a "Clerks Notice Setting Zoom Hearing" for the May 27, 2020 discovery hearing before Judge Cousins. ECF No. 80. The argument that defense counsel simply confused these two different events is difficult to believe in the context of this case, given that Judge Koh presided over every case management conference, whereas Judge Cousins presided over the parties' discovery disputes.

Defendant next argues that he failed to file a settlement conference statement in

12
Case No. 19-CV-02132-LHK
ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT UNDER RULE 55(c) & RULE 60(b)

anticipation of the settlement conference scheduled before Judge Cousins on June 23, 2020 because defense counsel believed that the settlement conference was cancelled.  Mot. at 6.  Defendant argues that this confusion resulted from Judge Koh's order that stated: "[t]he parties' July 1, 2020 case management statement shall include a settlement status update."  ECF No. 79 at 4.  Defendant does not explain why an order from Judge Koh requiring an update on the status of settlement progress in a joint case management statement to be filed with Judge Koh would have the effect of vacating Judge Cousins' June 23, 2020 settlement conference.  Defendant merely states that defense counsel "erroneously" believed that the settlement conference was vacated.  Mot. at 6.  Moreover, as Judge Cousins noted in his order cancelling the settlement conference, Judge Cousins' courtroom deputy emailed defense counsel on June 19, 2020, three days after the deadline to file the settlement brief, to remind defense counsel that the settlement brief was due.  ECF No. 85 at 1.  Defense counsel did not respond to this reminder or file the brief.  *Id.*

If either of these "mistakes" had taken place in isolation, then Defendant might be able to establish that they are not sufficient to demonstrate culpable conduct.  However, they did not take place in isolation.  Rather, they are part of a pattern of culpable conduct by Defendant, during which Defendant and Defendant's counsel were given repeated warnings by the Court to comply with Court orders.  Defendant missed Court deadlines or ignored Court orders on five different occasions before the Court ordered Defendant to show cause why Defendant's counterclaims should not be dismissed for failure to comply with Court orders.  ECF No. 38.  The Court then warned Defendant that any further failure to follow Court orders would result in Defendant's counterclaims being dismissed.  *Id.*  Defendant retained counsel and proceeded to ignore four subsequent Court orders.  *See* ECF Nos. 62, 69, 72, 79.  The Court then dismissed Defendant's counterclaims and warned Defendant that any further failure to comply with Court orders could result in an entry of default judgment against him.  ECF No. 79 at 4.  Defendant then proceeded to ignore two further Court orders.  ECF No. 82.  Judge Cousins then filed a report recommending that the Court enter default judgment against Defendant.  ECF No. 82.  Defendant then ignored a

Case No. 19-CV-02132-LHK
ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT UNDER RULE 55(c) & RULE 60(b)

further Court order and so Judge Cousins filed an order to show cause why Defendant and Defendant's counsel should not be sanctioned. ECF No. 85. The Court then entered default judgment against Defendant. ECF No. 86. Judge Cousins subsequently sanctioned defense counsel for their conduct. ECF No. 97. Even after these sanctions and the entry of default judgment, Defendant filed a reply brief two weeks after the deadline. *See* ECF No. 110. Viewed in light of this clear pattern of conduct, the Court is not convinced by Defendant's excuses or explanations for why Defendant's conduct was not culpable.

Moreover, under the heightened standard for culpable conduct where a party is "legally sophisticated," defense counsel's alleged mistakes are not sufficient to establish that Defendant's culpable conduct did not lead to the default judgment. *Mesle*, 615 F.3d at 1093 (where a party is legally sophisticated, "conduct may be considered culpable if the defendant has received actual or constructive notice" and failed to answer). Here, Defendant had actual or constructive notice, and simply failed to answer or respond to seven Court orders or deadlines after obtaining counsel. Nor does an alleged mistake by a legally sophisticated party suffice to establish "excusable neglect" in the context of Rule 60(b)(1). *See, e.g., Allmerica Financial Life Ins. and Annuity Co. v. Llewellyn*, 139 F.3d 664, 666 (9th Cir. 1997) ("Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).") (internal quotation marks and citations omitted); *Casey*, 362 F.3d at 1260 (same). The Court therefore finds that any alleged mistakes on the part of defense counsel are insufficient to establish that Defendant's culpable conduct did not lead to the default judgment.

Lastly, Defendant points the Court to *Bateman v. U.S. Postal Service* to argue that missing a court deadline is not sufficient to establish culpable conduct. 231 F.3d 1220 (9th Cir. 2000). However, *Bateman* serves only to reinforce that Defendant's conduct in this case was clearly culpable. In *Bateman*, counsel for Bateman failed to respond to a motion for summary judgment before leaving the country to handle a family emergency in Nigeria. *Id.* at 1223. Before leaving, Bateman's counsel alerted opposing counsel of his absence. When counsel returned, he eventually

responded to the motion. The Ninth Circuit held that under Rule 60(b)(1), Plaintiff had established excusable neglect, and therefore the final judgment entered against Plaintiff should have been set aside. *Id.* at 1224–25. Specifically, the court held that although defense counsel should have arranged for another attorney to handle counsel's case while away, "there is no evidence that he acted with anything less than good faith." *Id.* at 1225. In light of the fact that there was minimal prejudice to the defendant that resulted from the single missed deadline, and minimal impact on the judicial proceedings in the case, relief under Rule 60(b)(1) was warranted. *Id.*

In the current case, by contrast, Defendant has ignored Court orders or missed Court deadlines on at least twelve different occasions. Throughout this case the Court routinely warned Defendant that any future failure to comply with Court orders would result in Defendant's counterclaims being dismissed or default judgment entered against Defendant. *See, e.g.*, ECF Nos. 32, 38, 79. Despite these warnings, Defendant ignored seven Court orders after the Court had already issued an order to show cause. Three of these violations occurred even after the Court had dismissed Defendant's counterclaims for failure to comply with Court orders. *See* ECF No. 79. This consistent pattern of disregard for the Court's orders demonstrates evidence of bad faith that was absent in *Bateman*. Moreover, there has been repeated prejudice to Plaintiff and adverse impact on the judicial proceedings as a result of Defendant's continued disregard for Court orders and deadlines in this case. Plaintiff has been forced to result to motions to compel in order to obtain discovery, which Defendant still has not produced. Transcript at 12. The Court has been forced to sanction Defendant and Defendant's counsel, and refer Defendant's counsel to the district's Standing Committee on Professional Conduct. ECF Nos. 79, 97. As such, unlike in *Bateman*, Defendant in this case has acted in bad faith, which prejudiced Plaintiff and adversely impacted the judicial proceedings.

Accordingly, the Court finds that Defendant has failed to establish that Defendant's culpable conduct did not lead to the default judgment. Defendant has therefore failed to meet the

"culpable conduct" factor required to show good cause to set aside a default judgment. *Mesle*, 615 F.3d at 1091. "If a default judgment is entered as the result of a defendant's culpable conduct, [the court] need not consider whether a meritorious defense was shown, or whether the plaintiff would suffer prejudice if the judgment were set aside." *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987). On this basis alone the Court may therefore deny Defendant's motion to set aside the default judgment under Rule 55(c) and Rule 60(b)(1). However, the Court notes below that Defendant has also failed to establish a meritorious defense.

### 2. Meritorious Defense

Although Defendant has failed to show good cause to set aside the default judgment on the basis that Defendant's culpable conduct led to the default judgment, the Court also notes that Defendant has failed to establish a meritorious defense to Plaintiff's claims. "A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." *Mesle*, 615 F.3d at 1094. Although this burden is not "extraordinarily heavy," Defendant must "allege sufficient facts that, if true, would constitute a defense." *Id.*

Plaintiff's complaint asserts four causes of action against Defendant: (1) fraud; (2) promissory fraud; (3) concealment; (4) unjust enrichment. Compl. at 5. In the instant motion, Defendant "denies the Plaintiff's factual allegations." Mot. at 12. Specifically, Defendant "denies the allegation that he offered the Plaintiff a position as CEO and that this would enable Plaintiff to obtain a L-1 visa, and that he would offer his home mortgage as a guarantee on the $400,000 potential investment by Plaintiff." *Id.* Defendant alleges instead "that there was, in fact, a loan agreement for the $300,000.00 at issue not due until May of 2022, and a separate commercial lease agreement for the property at issue with rents due to the Defendant in the amount of $231,800.00 as of May 23, 2019." *Id.* Defendant argues that these alleged facts are sufficient to establish a meritorious defense because there is a "factual and legal dispute as to whether Defendant engaged in fraudulent acts." *Id.*

The Court does not agree that this conclusory argument is sufficient for Defendant to

1  establish a meritorious defense.  Here, Defendant has done little more than 'state[] only general
2  objections to the existence of a contract," which "is insufficient to satisfy the 'meritorious defense'
3  requirement."  *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016).  Defendant has
4  not explained why these brief factual allegations establish a meritorious defense to Plaintiff's four
5  causes of action.  Defendant's two-sentence dispute of Plaintiff's factual allegations is insufficient
6  to meet this burden.  The Court therefore finds that Defendant has failed to establish a meritorious
7  defense of Plaintiff's claims.

8  Because the Court has found that Defendant failed to establish that Defendant's culpable
9  conduct did not lead to the default judgment, and that Defendant has failed to establish a
10 meritorious defense, the Court does not proceed to address whether setting aside the default
11 judgment would be prejudicial to Plaintiff.  Failure to meet any one of the three *Falk* factors is
12 sufficient to demonstrate that Defendant has not shown good cause to set aside the default
13 judgment.  *Mesle*, 615 F.3d at 1091.  The Court therefore denies Defendant's motion under Rule
14 55(c) and 60(b)(1) for failure to show good cause to set aside the default judgment.  The Court
15 next addresses Defendant's further arguments under Rule 60(b).

16 **C. Defendant has not Established "Excusable Neglect" under Rule 60(b)(1)**

17 Defendant alternatively argues that the default judgment should be set aside under Rule
18 60(b)(1) for "excusable neglect."  Mot. at 7–8.  A party may seek relief from a final judgment
19 based upon a sufficient showing of "mistake, inadvertence, surprise, or excusable neglect."  Fed.
20 R. Civ. P. 60(b)(1).  Excusable neglect is an equitable standard that encompasses four factors: "(1)
21 the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact
22 on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."
23 *Bateman*, 231 F.3d at 1223–24.

24 However, the Ninth Circuit has held that excusable neglect "largely overlaps with the issue
25 of culpability" under Rule 55(c), and therefore "[b]ecause 'good cause' is typically enough to
26 demonstrate 'excusable neglect,' no reason exists to analyze these criteria separately."  *Franchise*

*Holding II*, 375 F.3d at 927; *see also Brandt*, 653 F.3d at 1111 ("Where a defendant seeks relief under Rule 60(b)(1) based upon 'excusable neglect,' the court applies the same three factors governing the inquiry into 'good cause' under Rule 55(c)."). Accordingly, where a court finds that a moving party has failed to establish good cause to set aside a default judgment, the court is not required to duplicate that analysis if a party also seeks relief under Rule 60(b)(1) for excusable neglect. *See, e.g.*, *Franchise Holding II*, 375 F.3d at 927 (holding that "for similar reasons to those discussed above concerning good cause, we concluded that [defendant] did not establish excusable neglect."). Defendant has therefore failed to establish excusable neglect, and the Court denies Defendant's motion to set aside the default judgment under Rule 60(b)(1) for the same reasons the Court denied Defendant's motion under the good cause standard.

### D. Defendant has Failed to Show "Any Other Reason that Justifies Relief" under Rule 60(b)(6)

Lastly, Defendant argues that the Court should grant relief from the default judgment under Rule 60(b)(6). Under Rule 60(b)(6), the Court has discretion to grant relief from a final judgment for "any other reason that justifies relief." Defendant argues that the default judgment should be set aside for two reasons: (1) public policy favors disposition of this case on the merits, and (2) lesser sanctions will provide a more equitable result. Mot. 14–15. The Court finds that both of these arguments lack merit.

First, Defendant cites to the general policy that "judgment by default is a drastic step appropriate only in extreme circumstances" and that "a case should, whenever possible, be decided on the merits." *Mesle*, 615 F.3d at 1091 (quoting *Falk*, 739 F.2d at 463). Defendant argues that public policy therefore favors granting relief from the default judgment so that the case can be heard on the merits. Mot. at 14. However, the "good cause" analysis is the standard by which courts determine whether it is appropriate to set aside a default judgment despite the general policy favoring decisions on the merits. *See Brandt*, 653 F.3d at 1111 (noting that a court may set aside a default judgment under Rule 55(c) or Rule 60(b) for good cause). Defendant therefore asks the Court to ignore the good cause standard under the guise of an appeal to public policy.

The Court declines to do so.

Second, Defendant argues that relief from the default judgment should be granted because lesser sanctions will provide a more equitable result. Mot. at 15. This argument also lacks merit. Defendant continued to ignore Court orders and deadlines even after the Court dismissed Defendant's counterclaims for failure to comply with Court orders and diligently participate in this case. *See* ECF No. 79. Judge Cousins threatened further sanctions, but Defendant continued to ignore Court orders and participate diligently. ECF No. 82 at 3. The threat and imposition of sanctions clearly did not cause Defendant or Defendant's counsel to follow the Court's orders or to diligently participate in this case. For this reason, Judge Cousins' Report and Recommendation to Enter Default Judgment, which the Court adopted, found that "[b]oth lesser sanction and warning were apparently insufficient to encourage a change in Defendant's behavior. Continuing to impose less drastic sanctions would not be effective and would serve only to unnecessarily prolong this case." *Id*. The Court therefore finds that the availability of lesser sanctions is not a sufficient reason to grant relief from default judgment.

For these reasons, the Court declines to exercise its discretion and grant relief from the default judgment under Rule 60(b)(6).

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to set aside the default judgment.

**IT IS SO ORDERED.**

Dated: December 18, 2020

_____
LUCY H. KOH
United States District Judge

19
Case No. 19-CV-02132-LHK
ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT UNDER RULE 55(c) & RULE 60(b)